On Motion for Rehearing
PER CURIAM.
Defendant-appellee chiefly complains in an application for rehearing of our alleged failure to recognize the existence of separate provisions of the Revised Statutes relating to the sale of beverages with an alcoholic content in excess of 6 percent by volume and of an alcoholic content of 6 percent or less by volume, and, in view of plaintiff’s application to sell liquors of both high and low alcoholic content, of our alleged failure to give effect to and construe the provisions as laws in pari materia and to give effect to the provisions of LSA-R.S. 26:302 pertaining to appeals provided in applications relating to the sale of liquors of a low alcoholic content.
The Alcoholic Beverage Control Law, LSA-R.S. 26:1 et seq., relates to the sale of alcoholic beverages containing an alcoholic content of more than six percent by volume. Section 104 thereof pertains to appeals to the courts. LRA-R.S. 26:241 et seq. relates to the sale of alcoholic beverages of an alcoholic content of not more than 6 percent by volume, and Section 302 thereof relates to appeals from decisions of the Board of Tax Appeals to withhold, suspend or revoke a permit, or of the collector or local authorities to withhold a permit for the sale of liquors of a low alcoholic content. The collector is the Collector of Revenue or his duly authorized agents. The latter section provides that any party aggrieved by a decision of the board, collector or local authority may appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business and recites that “Such appeals shall be granted by the clerk of court on written petition together •with a bond for costs.” (Emphasis supplied.)
Section 299 of the statute provides that the costs of hearings before the Board of Tax Appeals shall be assessed by the Board against the unsuccessful applicant or permittee. Under Section 300 it is mandatory upon the Collector of Revenue to pay the Board of Tax Appeals all the expenses of the hearings conducted pursuant to the provisions of the statute. While we are of the opinion that the provisions of Sections 104 and 302 each have application to the subject-matter to which they relate, it appears obvious that, as to the application for a license or permit to sell beverages of an alcoholic content exceeding 6 percent by volume, pursuant to the provisions of Section 104, an appeal to the court is not objectionable due to applicant’s failure to file with his petition a bond for costs. As originally pointed out, no such bond is made a prerequisite to such appeal by this section of the statute.
The provision contained in Section 302 relating to the filing of a bond for costs, in our opinion, relates solely to costs incurred by or accrued in a hearing by the Board of Tax Appeals. It is conceded no costs were occasioned to the appellee municipality prior to the appeal taken in the instant case to the district court. Moreover (as pointed out originally, the statute makes no provision for the incurring or assessment of costs by a local authority on its refusal to issue a license or permit.
Nor do we find in the statute any language warranting an interpretation that the provision for a bond for costs contemplates future costs to be incurred in the district or appellate courts. A defendant, by availing himself of the provisions of LSA-R.S. 13:4522 and 4523, will be adequately pro *319 tected in the matter of costs, as is the clerk of court under LSA-R.S. 13:843.
The conclusion, therefore, is that the provision of Section 302 pertaining to a cost bond has no application to an appeal from a decision of a municipality or other local authority denying an application for a permit or license to sell beverages of an alcoholic content of 6 percent or less by volume, and, therefore, the filing of a bond in connection with an appeal to the district court is not a prerequisite to the appeal.
The motion for rehearing is, therefore, denied.